1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10

11    ROSALIND YVETTE SMITH,                      CASE NO. 13-5179 RJB

12                          Plaintiff,             ORDER ON PLAINITFF'S MOTION
                                                   TO STAY
13            v.

14    WELLS FARGO BANK, N.A.,
      QUALITY LOAN SERVICE
15    CORPORATION OF WASHINGTON,

16                          Defendants.

17         This matter comes before the Court on Plaintiff's motion to stay deadlines and case

18    schedule for 30 days while Plaintiff finds an attorney.  Dkt. 19.  The Court has considered the

19    pleadings filed regarding this motion, and the remaining file.

20         On February 1, 2013, Plaintiff filed, pro se, this quiet title action in the Superior Court of

21    Thurston County Washington, seeking injunctive relief to stop the foreclosure on her real

22    property known as 15626 Vail Cut Off Road SE, Rainier, Washington ("property") and to quiet

23    title.  Dkt. 1-2.  Plaintiff's complaint states that she further seeks a declaration that Defendant

24    Wells Fargo "has no legal or equitable rights in the Note or Mortgage for purposes of

foreclosure." *Id.*, at 3.  In the pending motion, Plaintiff seeks a 30 day continuance of all case deadlines while she obtains an attorney. Dkt. 19.  She also references the Defendant Wells Fargo Bank N.A.'s ("Wells Fargo") Notice of Removal.  *Id.*  Her motion for a 30 day extension of time should be denied as to Wells Fargo's Motion to Dismiss, and granted as to the remaining case deadlines.  To the extent that Plaintiff's reference to Wells Fargo's Notice of Removal is a motion to remand, it should be denied.

## I.   FACTS AND PROCEDURAL HISTORY

### A.  FACTS

The facts are in the Order on Wells Fargo's Motion to Clarify:

> In September 2008, Plaintiff took out a mortgage for $258,000 with Eagle Home Mortgage, LLC, on the subject property, secured by a Deed of Trust which granted the trustee the property "in trust, with the power of sale." Dkt. 11, at 5-23. Mortgage Electronic Registration Systems, Inc. ("MERS") was the beneficiary.  *Id.*  On October 4, 2011, MERS, as nominee for Eagle Home Mortgage LLC, assigned the Deed of Trust to Defendant Wells Fargo. Dkt. 11, at 25. The assignment was recorded in the Thurston County records on October 7, 2011.  *Id.*  Wells Fargo then appointed Quality Loan Service Corp. of Washington as successor trustee for the Deed of Trust and recorded the appointment on April 11, 2012. *Id.,* at 27.  On November 20, 2012, Quality Loan Service Corp., as trustee for the Deed of Trust, recorded a Notice of Trustee's Sale. Dkt. 11, at 30. The trustee's sale was scheduled to take place on March 22, 2013. *Id.*
>
> The Complaint alleges that Wells Fargo, the purported servicer of the loan, instituted non-judicial foreclosure proceedings on the property. Dkt. 1-2. Plaintiff asserts that Wells Fargo, "acting as alleged 'Trustee' for unnamed 'Certificate holders' of a series of mortgage-backed securities, has failed to demonstrate that it, and not the 'Certificate holders,' is the party with the true ownership in the mortgage." *Id.,* at 2.  She alleges that there is no proof that the certificate holders assigned their rights to Wells Fargo, particularly "the right to seek foreclosure." *Id.*  Plaintiff asserts that Wells Fargo does not have "standing" to foreclose on the property and so the foreclosure should be temporarily and permanently enjoined. *Id.*
>
> Wells Fargo states that on or about February 13, 2012, it received a copy of the Plaintiff's summons and complaint. Dkt. 1. . . .
>
> The record further indicates that on February 22, 2013, a hearing was held before the Thurston County Superior Court regarding a motion for an order temporarily restraining the trustee's sale filed by Plaintiff. Dkt. 3, at 40. The clerk's minutes of the hearing provide:

1        Mr. Tim Defors, on behalf of Wells Fargo, and Ms. Rosalind Smith appeared telephonically.  The Court indicated that proper service on Quality Loan Service of Washington had not been perfected.  The Court indicated to the parties that the issue would not be heard until service was perfected.  Mr. Defors responded and indicated that his client was not in opposition to the motion for temporary restraining order, but that monthly payments into the Court Registry would be requested.  Mr. Defors had no opinion as to whether the matter could move forward without proper service on Quality Loan Service of Washington.  Ms.  Smith replied.

The Court authorized a preliminary injunction as requested by Ms. Smith, on the condition that the mortgage payment of $1,630.74 per month be paid into the Court Registry.  The Court instructed Ms. Smith to prepare the order for payment into the registry.  The restraining order will apply only to Wells Fargo and not to Quality Loan Services of Washington.

The Court scheduled a presentation date for March 8, 2013, at 9:00 a.m.  The Court approved a telephonic hearing, if the parties were so inclined, and instructed the parties to contact the J.A.

No orders were signed.

Dkt. 3, at 40.  Plaintiff failed to appear for the March 8, 2013 hearing and it was stricken.  *Id.* at 40.  The record does not contain any further written order from the Thurston County Superior Court on Plaintiff's Motion for a Temporary Restraining Order.  (Wells Fargo states that Plaintiff mailed some sort of pleading to its offices in Des Moines, Iowa.  In any event, the pleading was not signed by the Thurston County Superior Court).

Dkt. 18, at 1-4.

B.  **PROCEDURAL HISTORY**

On March 11, 2013, Wells Fargo removed the case to this Court based on the diversity of citizenship of the parties under 28 U.S.C. § 1332.  Dkt. 1.  The Complaint alleges that Plaintiff is a resident of Washington, even though she has registered with the Court as having an address in the U.S. Virgin Islands.  Dkt. 3.  Wells Fargo has its principal place of business in South Dakota.  Dkt. 1, at 2.  At the time of removal, Quality Loan Service of Washington, the trustee, had not

1  been served.  (On May 1, 2013, a Notice of Appearance by attorney Eileen Stauss was filed on

2  behalf of Defendant Quality Loan Service Corporation of Washington.  Dkt. 22.)

3        Four days later, Wells Fargo filed a motion seeking clarification as to whether the

4  trustee's sale – currently scheduled for May 24, 2013 - was restrained (Wells Fargo pointed to

5  irregularities in the state court proceedings to argue that it was unclear).  Dkt. 8.

6        On April 5, 2013, Wells Fargo filed a Motion to Dismiss, and noted it for consideration

7  on May 10, 2013.  Dkt. 14.

8        On April 8, 2013, Wells Fargo's motion to clarify was granted, and this Court held that

9  because the Thurston County Superior Court's oral decision on the temporary restraining order

10  was not reduced to writing, it was not binding under Washington law.  Dkt. 18.  This Court held

11  that the trustee's sale was not restrained.  *Id*.

12        In the instant motion, dated April 9, 2013, Plaintiff is seeking a 30 day extension of all

13  deadlines in the case.  Dkt. 19.  Plaintiff also argues that she "knows of no good cause" for this

14  case to be removed because no federal question was asserted.  *Id.*  The motion was sent by U.S.

15  mail from the U.S. Virgin Islands and was received on April 19, 2013.  Dkt. 19.  It was noted for

16  consideration on May 10, 2013.  *Id.*

17        On April 25, 2013, Wells Fargo filed a Response to Plaintiff's Motion to Stay.  Dkt. 21.

18  It argues that no stay is warranted, but renoted it's Motion to Dismiss for May 31, 2013, in order

19  to give Plaintiff three extra weeks to file a response to the Motion to Dismiss (Dkt. 20).  *Id.*

20  Wells Fargo addresses the issues Plaintiff raises in regard to the Notice of Removal as though it

21  was a motion to remand by Plaintiff.  *Id.*

22        This opinion will first address whether a 30 extension of the case deadlines is necessary

23  in this matter, and then the motion to remand, to the extent Plaintiff makes one.

24

ORDER ON PLAINITFF'S MOTION TO STAY- 4

## II.   DISCUSSION

### A.  MOTION FOR 30 DAY EXTENSION OF CASE DEADLINES

Pursuant to Fed. R. Civ. P. 16(b)(4), a case "schedule may be modified only for good cause and with the judge's consent."

Plaintiff here seeks a 30 day extension of the deadlines set in the case so that she can hire an attorney.  Dkt. 19.  The current deadlines set in the case are:  the FRCP 26f Conference deadline is 5/28/2013; Initial Disclosure deadline is 6/4/2013; and the Joint Status Report is due by 6/11/2013.  Dkt. 7.

An extension of time for the FRCP 26f Conference, Initial Disclosures and the Joint Status Report deadlines should be granted.  The FRCP 26f Conference should be reset to 6/25/2013; Initial Disclosure Deadline reset to 7/2/2013; Joint Status Report due by 7/9/2013.

In response to Plaintiff's motion for an extension of the deadlines, Wells Fargo renoted it's Motion to Dismiss from May 10, 2013 to May 31, 2013.  Dkt. 20.  Plaintiff makes no showing that a further extension of time is warranted for this motion.  The Motion to Dismiss was filed on April 5, 2013, and so under the current schedule, Plaintiff will have had over seven weeks to file a response.

Moreover, no stay of the litigation is warranted.  Plaintiff opted to file this case several months ago.  She has chosen to prosecute this case while living in the Caribbean.  She has not shown good cause for a stay of the case.

### B.  MOTION TO REMAND

Under 28 U.S.C. § 1332(a) "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States . . . ."

1    To the extent that Plaintiff makes a motion for remand (Dkt. 19), it should be denied.

2    (Even if Plaintiff is not objecting to removal, the Court can raise *sua sponte* the question of

3    whether it has federal subject matter jurisdiction at any time.  *Valdez v. Allstate Ins. Co.*, 372

4    F.3d 1115, 1116 (9th Cir. 2004)).  First, Plaintiff does not contest that the amount in controversy

5    is more than $75,000.  As to the citizenship of the parties, Plaintiff's complaint alleges that she is

6    a resident of the state of Washington.  Dkt. 1.  Wells Fargo states its principal place of business

7    is South Dakota.  Dkt. 3.  Those parties are diverse from each other.  Although the Complaint

8    alleges that Quality Loan Service of Washington ("Quality Loan Service") is a "foreign

9    corporation," (Dkt. 1) it does not allege what state this business is a citizen of for purposes of

10   diversity.

11   The question presented for this Court, then, is whether Defendant Quality Loan Service

12   destroys complete diversity.

13   "Although an action may be removed to federal court only where there is complete

14   diversity of citizenship, 'one exception to the requirement for complete diversity is where a non-

15   diverse defendant has been fraudulently joined.'"  *Hunter v. Phillip Morris USA,* 582 F.3d 1039,

16   1043 (9th Cir. 2009)(*quoting Morris v. Princess Cruises, Inc.,* 236 F.3d 1061 1067 (9th Cir.

17   2001)).  "Fraudulent joinder is a term of art."  *Morris*, 236 F.3d at 1067 (*citing McCabe v.*

18   *General Foods Corp*., 811 F.2d 1336, 1339 (9th Cir.1987)).  "Joinder is fraudulent if the plaintiff

19   fails to state a cause of action against a resident defendant, and the failure is obvious according to

20   the settled rules of the state.  In such a case, the district court may ignore the presence of that

21   defendant for the purpose of establishing diversity."  *Hunter,* at 1043 (*internal citations omitted*).

22   Further, "[A] federal court must disregard nominal or formal parties and rest jurisdiction

23   only upon the citizenship of real parties to the controversy."  *Navarro Sav. Ass'n v. Lee*, 446 U.S.

24

1    458, 461 (1980).  District courts will likewise ignore the citizenship "of nominal or formal

2    parties who have no interest in the action and are merely joined to perform the ministerial act of

3    conveying the title if adjudged to the complainant." *Prudential Real Estate Affiliates, Inc. v.*

4    *PPR Realty, Inc.,* 204 F.3d 867, 873 (9th Cir. 2000) (*internal citations and quotation marks*

5    *omitted*).  "The paradigmatic nominal defendant is a trustee, agent, or depository who is joined

6    merely as a means of facilitating collection." *S.E.C. v. Colello,* 139 F.3d 674, 676 (9th Cir.

7    1998).

8           In so far as Quality Loan Service is concerned, the Complaint alleges:

9           Defendant QUALITY LOAN SERVICE CORP OF WASHINGTON ACTING
            AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF ASSET-BACKED
10          CERTIFICATES, SERIES 2006-ABC1 ("QLS") is and  was, at all material times
            hereto, a foreign corporation whose corporate domicile and alleged  authority to
11          do business in the State of Washington is unknown. Defendant QLS is a corporate
            entity functioning·as an alleged trustee for another corporation (that being QLS,
12          domicile and authority to do business in Washington also being unknown) which,
            on information and·belief, issued securities. which may or may not have been
13          properly registered and in the form of either collateralized mortgage obligations
            (CMOs) or collateralized debt obligations (COOs) or other form of exotic
14          investment vehicle which may or may not be collateralized in whole or in part by
            the mortgage the subject of this action, and where the Certificate holders of the
15          subject securities may or may not have an interest, in whole or in part, in the
            mortgage and or the Note the subject of this action.
16
     Dkt. 1-2, at 1.  The Complaint further asserts,
17
            Defendant WELLS, through its agent Defendant QLS, instituted a non-judicial
18          foreclosure proceeding to foreclose on a mortgage as to the Property . . . ; which
            mortgage was originally issued in the name of non-party EAGLE HOME
19          MORTGAGE ("EHM"), a corporation organized under the laws of the State of
            Washington.  EHM was also the originating "lender" on the Note.
20
     *Id*, at 2.  The Complaint lastly alleges, "Defendant WELLS, through its Third Party Assignee
21
     Defendant QLS, has notified Plaintiff that the foreclosure sale on the Property has been
22
     scheduled to take place within due course of initiated non-judicial foreclosure in 2012." *Id*., at 2.
23
     Quality Loan Service is not mentioned further in the Complaint.
24

1   Plaintiff fails to assert any claim for relief against Quality Loan Service.  "In such a case,

2   the district court may ignore the presence of that defendant for the purpose of establishing

3   diversity." *Hunter,* at 1043 (*internal citations omitted*).  Quality Loan Service has no real

4   interest in the action.  Plaintiff's requested relief, to have the foreclosure enjoined and have a

5   declaration from this Court that Wells Fargo has "no legal or equitable rights in the Note or

6   Mortgage for purposes of foreclosure and that said Defendant has no legal standing to institute or

7   maintain foreclosure on the Property," does not impact Quality Loan Service's interests.  As a

8   trustee under a deed of trust, and where no independent claims are asserted against it, it is the

9   "paradigmatic nominal defendant, *Colello,*  at 676, and so its citizenship should not be

10   considered for determining jurisdiction. *See Prasad v. Wells Fargo Bank, N.A.,* 2011 WL

11   4074300 (W.D.Wash. Sept.13, 2011)(finding trustee under deed of trust nominal party where no

12   direct claims asserted against it);(*citing Sherman v. Wells Fargo Bank, N.A.,* 2011 WL 1833090

13   (E.D. Cal. May 12, 2011)("In light of a trustee's limited contractual duties under state law and

14   the trustee's limited involvement as alleged in the complaint, the court finds that Cal–Western

15   was fraudulently joined for diversity purposes.")).  Accordingly, diversity among the parties

16   exists, and the Court has subject matter jurisdiction.  Plaintiff's motion to remand, to the extent

17   that she makes one, should be denied.

18   **III.    ORDER**

19   It is **ORDERED** that:

20   - Plaintiff's motion for a 30 extension of time (Dkt. 19)

21       o **IS GRANTED** as to the following deadlines:

22           ▪ The FRCP 26f Conference **IS RESET** to 6/25/2013;

23           ▪ Initial Disclosure Deadline **IS RESET** to 7/2/2013;

24

1                  ▪   Joint Status Report **IS DUE** by 7/9/2013;

2            o   **IS DENIED** in all other respects; and

3       •   Plaintiff's motion for a remand (Dkt. 19), to the extent that she makes one, **IS**

4         **DENIED**.

5       The Clerk is directed to send uncertified copies of this Order to all counsel of record and

6 to any party appearing *pro se* at said party's last known address.

7       Dated this 14th day of May, 2013.

8

9                        *Robert J Bryan*

10                   ROBERT J. BRYAN
                   United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON PLAINTIFF'S MOTION TO STAY- 9